**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NUMBER: 04-42129-H2-13 |
| JOHN CLAYTON BROWN | § | |
| Soc. Sec. No. -5569 | § | (CHAPTER13) |
| LINDA MARIE BROWN | § | |
| Soc. Sec. No. -8881 | § | |
| DEBTORS | § | |

**Second Amended CHAPTER 13 PLAN SUMMARY**

**Budget Information**

**A.      Monthly Income:**

| | |
|---|---|
| Debtor | $ 3,060.26 |
| Spouse | $ 2,065.42 |
| Average Net Income from | |
| Sole Proprietorship | $      0.00 |
| Other (Child Support) | $      0.00 |
| Total Monthly Income | $ 5,125.68 |
| Expenses | $ 4,019.14 |
| Difference | $ 1,106.54 |

**B.      Monthly Plan Payment:**                                    $   973.00

**ANALYSIS OF PLAN**

A.      Monthly Payment                                          $   973.00

B.      Duration  54  Months;
Date    Payments Start October 10, 2004

C.      Gross Amount from Debtor
(For plan duration)                                              $ 52,542.00

D.      Trustee' Comp. & Expense
Fund (10% of "C")                                               $  5,254.20

E.      Net Available to Creditors                                $ 47,287.80

**SECURED CLAIMS:**     Debtor(s) payments will be distributed on secured claims in equal monthly payments to each creditor and pro-rata among all secured claims, unless otherwise provided for cause, as specified below:

| CREDITOR | TOTAL CLAIM | COLLATERAL VALUE/ SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT | TERM | TOTAL |
|---|---|---|---|---|---|---|
| AmeriCredit Financial | $17,000.00 | $17,000/$21,767 | 6.25% | Pro Rata | 1-54 | $19,546 |
| CitiFinancial Mortgage | $23,750.07 | $200,000/$125,000 | 0.00% | Pro Rata | 1-54 | $23,750 |
| Montgomery County | $ 1,192.15 | $200,000/$1,192 | 6.25% | Pro Rata | 1-54 | $ 1,371 |

**F.     Total Secured Claims:**                              $ 44,667.00

**PRIORITY CLAIMS:** Debtor's payments will be distributed on priority unsecured claims subsequent to Trustee's distribution on secured claims in equal monthly payments to each creditor and pro-rata among all priority unsecured claims, unless provided for cause, as specified below.  Distribution of professional fees shall be suspended (funds held on suspense) until a Chapter 13 Fact Form and Fee Application is filed with the Court and served to the Trustee.

All tax returns and tax reports due through petition date are filed:   Yes:  XX   No: ____

| CREDITOR | TYPE OF PRIORITY | PRIORITY AMOUNT | MONTHLY PAYMENTS | TERM | TOTAL |
|---|---|---|---|---|---|
| Christian M. Sternat | Sec. 507(a)(1) | $2,194.00 | $200.00 | 1-11 | $2,194 |

**G.     Total Priority Claims:**                              $ 2,194.00

**H.**     Total Unsecured Claims Seprately
            Treated (If not $0, see P. below)                  $_____0.00_

**I.**     Amount available for unsecured claims
            (Line E) - (Lines F + G + H)                       $___426.80_

**J.**     Total other general unsecured claims
            (Anticipated)                                      $_____0.00_

**K.**     Percentage payment for other general
            unsecured claims (anticipated)                     ____100%_

**L.**     The following liens are affected by the Plan:

| CREDITOR | COLLATERAL | TREATMENT OF LIEN |
|---|---|---|
| AmeriCredit | 2001 Ford F-250 | Cram-Down |

**This is a 100% payment Plan.  The Court and the Trustee may notice that the "deficiency" of the vehicle lien is not paid under the terms of the Plan.  As has been discussed with the vehicle lien creditor, all debts of these Debtors were discharged in a prior Chapter 7 Bankruptcy case.  Therefore, there is no legal debt owing from the deficiency.  The new valuation of $17,000.00 has been arrived at by direct negotiation with the attorney for the vehicle lien creditor.**

M.      These claims will be paid by Debtor directly to the creditor pursuant to the Plan:

|  | | TYPE OF CLAIM |
| CREDITOR | NATURE OF DEBT | (Secured, priority, unsecured) |
| CitiFinancial Mortgage | First Mortgage | Secured, homestead |

N.      Homestead:    None ____ Retain XX Abandon ____; Claim Bifurcated: Yes ____ No XX

        Additional security held by creditor: Yes ____ No XXX .
        Debtor has post-petition monthly installments on the homestead: Yes XX No ___.

O.      Homestead Arrearage                          $ 23,750.07
        Post-Petition Interest:                    Yes ____ No XXX
        Homestead Value                             $ 200,000.00
        First Mortgage                              $ 148,750.00

P.      General unsecured claims:
            Classified separately               Yes ____ No  XX
        Separately Classified: Treated Differently ____ or Pro-rata ____
        Payment from post-petition wages:       Yes XXX No ____

| CREDITOR | NATURE OF DEBT (child support, criminal restitution, etc.) | TERM/PLAN PAYMENT NO. |
| NONE | | |

Q.      The timely filed allowed general unsecured claims will be paid on pro-rata basis after the above listed creditors are paid (Line F, G, H).  Any untimely filed or allowed claims will be paid only in the event all other timely filed allowed claims are paid in full.

R.      The Trustee, the Debtor, and the attorney for the Debtor, agree to examine proofs of claim or summaries and will object to the allowance of improper claims.

S.      The unsecured creditors shall receive through the Plan not less than the amount that would be received through a Chapter 7 liquidation in this case: Yes XXX No ____.  Total schedules A & B (assets)  $234,580.00 ; Total Schedule B property secured by liens $ 142,000.00; Total Schedule C exempted property $91,580.00 ; Total non-exempted property $0.00.

T.      All property of Debtor's estate shall vest in Debtor upon; Debtor receiving a discharge under Sec. 1328 or Debtor's case being dismissed; or upon Debtor's Plan being confirmed XXX.

U.      If the duration of Plan payments exceeds 36 months, payments over 36 months confer a legal benefit on Debtor: Yes ____ No XXX Not Applicable ____.

V.      Supplemental:

We, **John Clayton Brown & Linda Marie Brown**, declare under penalty of perjury that this First Amended Plan Summary represents the terms of the Plan proposed by these Debtors for confirmation with respect to treatment of all creditors and the distribution by the Chapter 13 Trustee.


  /s/  John Clayton Brown                                    /s/  Linda Marie Brown

John Clayton Brown                                     Linda Marie Brown
Debtor                                                 Co-Debtor



Date:   February 10, 2005



  /s/  Christian M. Sternat

Christian M. Sternat
Attorney for Debtors

I, Christian M. Sternat, hereby certify that a true and correct copy of the above and foregoing **Second Amended Chapter 13 Plan Summary**, was sent by regular mail, and by telephone facsimile on this the __10th__ day of February, 2005, to the following:

Mr. Daniel E. O'Connell                    Mr. Richard Simmons
Chapter 13 Trustee                         United States Trustee
P. O. Box 13                               515 Rusk, Third Floor
La Porte,  Texas 77572-0013                Houston, Texas 77002

Ms. Yvonne R. Knesek
Barret, Burke, Wilson, Castle,
Daffin & Frappier, LLP
1900 St. James Place, Suite 500
Houston, Texas 77056
Fax: (713) 621-8583


                                    _/s/  Christian M. Sternat_____
                                    Christian M. Sternat